This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF RUIDOSO DOWNS,**

Plaintiff-Appellee,

v.                                                                          NO. A-1-CA-36650

**JOHN KIMBRELL a/k/a**
**JUAN KIMBRELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Alexandra J. Bobbit
Ruidoso, NM

for Appellee

John G. Kimbrell
Ruidoso Downs, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}      Defendant John Kimbrell a/k/a Juan Kimbrell ("Defendant") appeals from

orders of the district court, dismissing two separate cases for lack of final orders from the municipal court. [36650 RP 61-62; 36652 RP 34-35] Unpersuaded by Defendant's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition (MIO) to our notice. We remain unpersuaded and therefore affirm.

{2}     In his docketing statements, Defendant raised numerous issues, all of which appear to stem from the district court's decision to dismiss his cases. Our notice, which proposed summary affirmance, set forth the relevant facts and the law that we believed controlled. In response, Defendant set forth three issues, challenging our proposed disposition. First, he contends that this Court has failed to examine the record properly. [MIO 1] Second, he contends that "[c]onsolidation of cases can not be done by the Appellate Courts." [MIO unnumbered 2] Lastly, he contends that contrary to what this Court set out in the proposed dispostion, he did, in fact file a notice of appeal. [MIO 4] Our understanding of these issues, does not change the outcome of this case. Nonetheless, we address each issue in turn.

{3}     First, Defendant claims that this Court failed to examine the record properly with respect to the district court's holding of a trial instead of a hearing, which he claims was illegal. [MIO 1-unnumbered 2] This contention, however, does nothing to address how the district court erred in ruling that there are no final orders from the

2

municipal court. Accordingly, Defendant failed to demonstrate error in the district court's ruling. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.") As we explained in our proposed disposition, we presume that the district court's ruling regarding finality was correct. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error.").

**{4}** Second, Defendant contends that this Court violated rules of procedure by consolidating No. A-1-CA-36650 with No. A-1-CA-36652. [MIO unnumbered 2-4] Again, this does not explain how the district court erred. *Id.* Additionally, we direct Defendant's attention to Rule 12-317(B) NMRA of our Rules of Appellate Procedure, which gives this court authority to sua sponte consolidate cases on appeal. *Id.* ("The appellate court may consolidate appeals on its own motion or on motion of a party.").

**{5}** Lastly, Defendant contends that he did, in fact, file a notice of appeal. [MIO 4-5] Again, this does not explain how the district court erred, which is Defendant's burden on appeal. *See Hennessy*, 1998-NMCA-036, ¶ 24 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed

3

disposition to clearly point out errors in fact or law.") We do note that Defendant filed pleadings in the district court on September 12, 2017, both titled "Case Information Sheet " in case numbers D-1226-LR-2017-00015 and D-1226-LR-2017-00014. [36650 RP 139-41; 36652 RP 36-41] These, however, are not notices of appeal. Notably, these pleadings, which are forms, specifically ask whether a notice of appeal has been filed. [Id.] In response to that question Defendant replied, "Yes," and he listed the date of filing for the notices of appeal as August 24, 2017. [Id.] As an exhibit, Defendant attached the notice of appeal filed from municipal court to district court—not from district court to this Court. [36650 RP 141] Therefore, we conclude that Defendant did not file notices of appeal as required pursuant to Rule 12-202 NMRA. Regardless, as we explained in our proposed disposition, we construed Defendant's timely non-conforming documents as notices of appeal and proceeded to examine the merits of this appeal. *See Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 7, 274 P.3d 766.

{6}     In sum, Defendant's MIO does not supply any new legal or factual argument that persuades us that our analysis or proposed disposition was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not

fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons set forth in our notice of proposed disposition and in this opinion, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**STEPHEN G. FRENCH, Judge**


_____
**EMIL J. KIEHNE, Judge**